UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **FLIP PROPERTIES, LLC**,<br><br>Plaintiff,<br><br>v.<br><br>**CWF CHARTER FINANCIAL, LLC**, et al.,<br><br>Defendant. | 2:19-cv-13605<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENTS AND ORDER OF FORECLOSURE** |

Plaintiff Flip Properties, LLC, as successor in interest to FTF Lending, LLC ("Plaintiff" or "Lender") having filed on October 13, 2020 a Motion for Entry of Default Judgments and Order of Foreclosure, ECF No. 23, pursuant to Fed. R. Civ. 55(b) and the legal authority cited therein (the "Motion"); the Motion having come to be heard on November 30, 2020; the Court having determined that the Motion and record establishes Plaintiff's entitlement to an adjudication of damages in the amount requested; and, the Court being otherwise fully advised in the premises:

**IT IS HEREBY ORDERED**:

    A.    Plaintiff's Motion for Entry of Default Judgment and Order of Foreclosure is granted. ECF No. 23.

    B.    Defendant CWF Charter Financial, LLC ("Borrower") and Defendant Ali A. Shebley, an individual (the "Guarantor")

1

defaulted under the terms and conditions of the Note, Guaranty and Mortgage, as those terms are defined in the Complaint. ECF No. 1.

    C.   Pursuant to M.C.L. § 600.3115 and the terms and conditions of the loan documents between the parties, including but not limited to the Mortgage, Plaintiff Flip Properties, LLC may proceed with a foreclosure sale of the property commonly known as 1250 Emmons Avenue, Birmingham, Oakland County, Michigan 48009, Parcel Identification No. 20-31-353-007 (the "Property"), more particularly described as:

Land located in the City of Birmingham, County of Oakland, State of Michigan, and described as follows:

Lot 1022, Leinbach Humphrey's Woodward Ave Subdivision, according to the Plat thereof, as recorded in Liber 27 of Plats, Page 5, Oakland County records.

    D.   The amount due and owing by Borrower and Guarantor to Plaintiff Flip Properties, LLC for the Loan under the Loan Documents is $183,430.15, plus additional accruing interest from October 8, 2020 (the "Judgment Amount"). ECF No. 23-8, PageID.300 (explaining judgment amount); ECF Nos. 1-3, PageID.41 and 1-4, PageID.56 (explaining Defendant's obligation

to "pay all costs, fees, commissions and expenses…incurred by [Plaintiff] in enforcing or attempting to enforce this Guaranty.").

  E. Interest on the Judgment Amount shall accrue at 24.00% per annum, the default interest rate provided for in the underlying Note and Mortgage (the "Default Rate"). ECF No. 1-2, PageID.23-24.

  F. Plaintiff Flip Properties, LLC may begin its publication of the notice of sale immediately after entry of this judgment, and the sale of the Property may occur immediately after Plaintiff Flip Properties, LLC provides the notices required by M.C.L. § 600.6052, but no sooner than six weeks after entry of the judgment.

  G. Borrower and Guarantor are jointly and severally liable to Plaintiff Flip Properties, LLC for the Judgment Amount and any deficiency resulting from the foreclosure sale.

  H. Pursuant to M.C.L. § 600.3120, if, after this judgment is entered, Borrower brings into Court the Judgment Amount and the Judgment Amount plus costs is paid to Plaintiff Flip Properties, LLC, the foreclosure proceedings in this action shall be stayed, however, the Court shall enter a judgment of foreclosure and sale to be enforced by a further order of the Court upon any subsequent default.

  I. Pursuant to M.C.L. § 600.3145, any sum paid by Plaintiff Flip Properties, LLC at any time after foreclosure and prior to expiration of the period of redemption for taxes assessed against the Property and/or the portion of premium of any insurance policy covering the Property as is required to keep the policy in force until the expiration of the period of redemption, shall be added to the Judgment Amount.

  J. Pursuant to M.C.L. § 600.3140, Borrower may redeem the Property by paying the foreclosure bid price together with interest and all other amounts as required by M.C.L. § 600.3101 *et. seq.* from the date of the sale at the interest Default Rate provided by the Note and loan documents within six (6) months from the date and time of the foreclosure sale.  The Borrower and Guarantor will be held responsible to the Plaintiff or to any person who buys the Property at the foreclosure sale for damaging the Property during the redemption period.  If the Borrower does not redeem the Property, the purchaser of the Property at the foreclosure sale is granted possession of the Property and shall take the Property free and clear of any and all claims or interest in the Property recorded or otherwise affecting the Property after the date of the Mortgage.

  K. Pursuant to M.C.L. § 600.3150, upon the submission of the Sheriff's report of sale and entry of an order confirming sale

under judgment of foreclosure, if either the principal, interest, or costs ordered to be paid is left unpaid after applying the amount received upon the sale of the Property, Plaintiff Flip Properties, LLC shall be entitled to the amount of the deficiency against Borrower and Guarantor upon the application of Plaintiff.

L. Pursuant to M.C.L. § 600.3135, upon the submission of the Sheriff's report of sale and entry of an order confirming sale under judgment of foreclosure, if either the principal, interest, or costs ordered to be paid, along with the deficiency, if any, have been paid in full to Plaintiff Flip Properties, LLC (after applying the amount received upon the sale of the Property) and there exists a surplus, the surplus shall be brought into court for potential distribution to Borrower or Borrower's creditors in the order of their priority.

**IT IS SO ORDERED.**

Dated: December 4, 2020     s/Terrence G. Berg
             TERRENCE G. BERG
             UNITED STATES DISTRICT JUDGE